IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO.: 1:22-CV-654 |
| | § | |
| ASCENSION SETON-LULING, | § | **JURY DEMAND** |
| LULING POLICE DEPARTMENT, and | § | |
| OFFICER DANIEL TORRES, | § | |
|     *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff JANE DOE,(hereinafter sometimes collectively referred to as "Plaintiff") and hereby files this Original Complaint complaining of Defendants ASCENSION SETON-LULING, the LULING POLICE DEPARTMENT, and Officer Daniel Torres (hereinafter sometimes collectively referred to as "Defendants"), and for causes of action would show the Court the following:

I.

DISCOVERY

1.1 Plaintiffs intend to conduct discovery in accordance with the Court's scheduling order.

II.

THE PARTIES

2.1 Plaintiff is an individuals who resides in Travis County, Texas.

2.2 Defendant ASCENSION SETON-LULING, is an entity that can be served and through its registered agent for service: Corporation Service Company, d/b/a CSC Lawyers

Incorporating Service Center, 211 E. 7th Street, Suite 650, Austin, Texas 78701.

2.3   Defendant Luling Police Department is an entity that can be served through its Luling City Manager, Mark Mayo at City Hall 509 E. Crockett St., Luling, Texas 78648.

2.4.  Defendant Luling Police Officer Daniel Torres can be served at the Luling Police Department, 1800 E. Pierce Street, Luling, Texas 78648.

III.

JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1 The amount in controversy exceeds the jurisdictional minimum amount in controversy for this Court. Jurisdiction is pursuant to Section 1983.

3.2 Venue is proper in the Western District of Texas, as it is the district in which a substantial part of the events or omissions giving rise to these claims occurred.

3.3 All conditions precedent have been performed or have occurred.

IV.

FACTS

4.1   Plaintiff Jane Doe was a victim of sexual assault so her name is being withheld from this complaint. The facts as described below did happen and the Defendants are all responsible for it.

4.2   Plaintiff was assaulted as a patient by Officer Torres who brought her in to Seton on an emergency detention. He pressured her to do certain things and take pictures of her body after she told him no. He said if she were to leave the room he would stop her. Incredibly for the standards of a hospital, he was alone in the room with her for 5-6 hours. She was not under arrest. He took pictures of her.

V.

CAUSES OF ACTION

5.1     <u>Sexual Assault</u>. Officer Torres's actions towards Plaintiff constituted sexual assault His actions were or are a proximate and/or producing cause of Plaintiff's damages, as set forth below.

5.2     <u>Assault and Battery</u>. Officer Torres's actions towards Plaintiff furthermore constituted assault. He intentionally, knowingly, or recklessly caused bodily injury to her, and/or intentionally or knowingly caused physical contact when he knew or should have reasonably known or believed that Plaintiff would regard the contact as offensive and/or provocative. His actions were or are a proximate and/or producing cause of Plaintiff's damages, as set forth below.

5.3     <u>Negligence</u>. Defendants ASCENSION SETON-LULING and the LULING POLICE DEPARTMENT owed Plaintiff a duty of reasonable care. Defendant breached that duty and were negligent by the following actions and inactions:

   (A)     failing to properly supervise and monitor the actions of Officer Torres;

   (B)     failing to properly treat Plaintiff with due care;

   (C)     failing to properly hire, train, and supervise the staff;

   (D)     other acts of negligence.

5.4     Such negligence and negligence per se was a proximate cause of Plaintiff's damages, as more fully set forth below.

5.5     The Luling police department has inadequately supervised and trained its officers and tolerates sexual assault such as that occurred with Plaintiff and has subsequently ratified his conduct. Therefore it has shown deliberate indifference to the rights of Plaintiff under the US constitution and is therefore liable under 42. USC section 1983.

## VI.

## DAMAGES

6.1 As a result of Defendants' act and omissions as set forth above, Plaintiff has suffered actual damages in excess of the jurisdictional limits of this Court. Plaintiff brings this lawsuit against Defendants for recovery of Plaintiff's mental anguish caused by Defendants.

## VII.

## ATTORNEYS' FEES AND EXPERT FEES

7.1 A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal and post-judgment discovery and collection in the event execution on the judgment is necessary.

## VIII.

## JURY DEMAND

8.1 Plaintiff demands a trial by jury of all the issues and facts in this case.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and, upon final trial, Plaintiff shave Judgment against Defendants, jointly and severally, as requested above, and as follows:

1. Judgment against Defendants for all damages alleged in this petition;

2. Interest before and after judgment at the highest rate provided by law, until paid;

3. Costs of suit;

4. Reasonable and necessary attorneys' fees and expert witness fees;

5. Punitive damages; and

6. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 South Capital of Texas Highway, Suite B225
Austin, Texas 78746
Telephone: 512/330-0017
Facsimile: 512/330-0067

*/s/ John F. Melton*
State Bar No.: 24013155
Jmelton@jfmeltonlaw.com
Michael W. Balcezak
State Bar No.: 24012236
Michael@jfmeltonlaw.com
ATTORNEYS FOR PLAINTIFF